2008 Mar-07  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
Northern District of Alabama
Office of the Clerk
Room 140, 1729 5th Avenue North
Birmingham, Alabama 35203
(205) 278-1700

Sharon N. Harris, Clerk                                         Joseph Phillips, Chief Deputy

March 7, 2008

**F I L E D**

**MAR 1 1 2008**

O8 CR 168

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

TO:   Clerk, U.S. District Court
      Northern District of Illinois
      Everett McKinley Dirksen
      US Courthouse, 20th Floor
      219 South Dearborn Street
      Chicago, IL  60604

In RE: Transfer of Supervision/Jurisdiction
USA v. ELISHA RAWLINGS
Our Case No. CR 5:03-CR-255-UWC-TMP

Dear Sir/Madam:

Pursuant to 18 U.S.C. § 3605, I am enclosing herewith copies of the order transferring jurisdiction of the subject probationer or supervised release and the pleadings in the above-styled case, which I hereby certify to be true copies of the originals on file in this office.

Please acknowledge receipt on the enclosed copy of this letter.

Sincerely,

SHARON N. HARRIS, CLERK

By: /s/ D. Cooper
    Deputy Clerk

Enclosures

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | 5:03-CR-00225-UWC-TMP 253 |
| | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF PROBATIONER ELISHA RAWLINGS | DISTRICT ND/AL | DIVISION NORTH EASTERN |
|---|---|---|
| | NAME OF SENTENCING JUDGE Honorable U.W. Clemon | |
| | DATES OF PROBATION | FROM 5/3/2007 | TO 5/2/2010 |

18 USC 2113(a)(d), Armed Bank Robbery

**JUDGE NORGLE**

**FILED 08CR 0168**

JN FEB 25 2008

DOCKETED FEB 27 2008 U.S. DISTRICT COURT N.D. OF ALABAMA

FILED JUN FEB 25 2008

MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

**MAGISTRATE JUDGE VALDEZ**

---

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___ NORTHERN DISTRICT OF ALABAMA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___ NORTHERN DISTRICT OF ILLINOIS ___ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

2/4/08
Date

United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___ NORTHERN DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FEB 2 2 2008
Effective date

James F. Holderman
United States District Judge

TRUE COPY:

By: D. Cooper

1

| PROB 22 (Rev. 2/88) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER (Tran. Court) 5:03-CR-00225-UWC-TMP |
|---|---|---|
| | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF PROBATIONER ELISHA RAWLINGS | DISTRICT ND/AL | DIVISION NORTH EASTERN |
|---|---|---|
| | NAME OF SENTENCING JUDGE Honorable U.W. Clemon | |
| | DATES OF PROBATION | FROM 5/3/2007 | TO 5/2/2010 |

18 USC 2113(a)&(d) Armed Bank Robbery

**JUDGE NORGLE**

**FILED 08CR 0168**

**FILED JUN FEB 2 5 2008**

**MAGISTRATE JUDGE VALDEZ**

DOCKETED FEB 27 2008 U.S. DISTRICT COURT N.D. OF ALABAMA 08 MAR

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___ NORTHERN DISTRICT OF ALABAMA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___ NORTHERN DISTRICT OF ILLINOIS ___ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

2/4/08
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___ NORTHERN DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

TRUE COPY:

FEB 2 2 2008
Effective date

James F. Holderman By: D. Cooper
_____
United States District Judge

1

CLOSED

# U.S. District Court
## Northern District of Alabama (Northeastern)
## CRIMINAL DOCKET FOR CASE #: 5:03-cr-00255-UWC-TMP-1
### Internal Use Only

Case title: USA v. Rawlings, et al

Date Filed: 05/29/2003
Date Terminated: 11/04/2003

Assigned to: Judge U W Clemon
Referred to: US Magistrate Judge T
Michael Putnam

## Defendant

**Elisha Rawlings** (1)
*TERMINATED: 11/10/2003*

represented by **Elisha Rawlings**
#07024-027
FCI Milan
P.O. Box 1000
Milan, MI 48160
PRO SE

**Kelvin L Davis**
LAW OFFICES OF KELVIN L
DAVIS LLC
2101 6th Avenue North, Suite 725
Birmingham, AL 35203
205-581-8812
Fax: 205-581-8815
Email: aphiad@aol.com
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

## Pending Counts

18:2113(a) and (d) BANK ROBBERY
BY FORCE OR VIOLENCE
(1)

## Disposition

CBP 63 mos to run concur w/sentence
imposed in ND/IN #2:01-CR-180-S;
SRT 36 mos; restitution due; asmt fee
$100.00; no fine

## Highest Offense Level (Opening)

Felony

## Terminated Counts

None

## Disposition

## Highest Offense Level (Terminated)

None

| Complaints | Disposition |
|---|---|
| None | |

### Plaintiff

**United States of America**
*TERMINATED: 11/10/2003*

represented by **Alice H Martin, US Attorney**
US ATTORNEY'S OFFICE
1801 4th Avenue North
Birmingham, AL 35203-2101
244-2001
Email: alice.martin@usdoj.gov
*ATTORNEY TO BE NOTICED*

**US Marshal**
UNITED STATES MARSHAL'S
OFFICE
Hugo Black Federal Courthouse, Room
240
1729 5th Avenue North
Birmingham, AL 35203
205-731-1712
Email: usms-aln-courts@usdoj.gov
*ATTORNEY TO BE NOTICED*

**US Probation**
UNITED STATES PROBATION
OFFICE
Hugo Black Courthouse, Room 201
1729 5th Avenue, North
Birmingham, AL 35203
278-2100
Email:
alnpdb_cmecf@alnp.uscourts.gov
*ATTORNEY TO BE NOTICED*

**Mary Stuart Burrell**
US ATTORNEY'S OFFICE
400 Meridian Street, Suite 304
Huntsville, AL 35801
256-534-8285
Fax: 256-539-3270
Email: mary.stuart.burrell@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/29/2003 | 1 | INDICTMENT (referred to Magistrate-Judge T M. Putnam ) filed by USA Counts filed against Elisha Rawlings (1) count(s) 1, Corichey Grayson (2) count(s) 1 (YMB) (Entered: 05/30/2003) |
| 05/29/2003 | | Elisa Rawlings & Corichey Grayson: Fed Custody, FCI Pekin, P O Box 7000, Pekin, IL 61555-7000 (YMB) (Entered: 05/30/2003) |
| 05/29/2003 | | PRAECIPE (TMP) for warrant as to both dfts (YMB) (Entered: 05/30/2003) |
| 05/30/2003 | | ARREST Warrant issued for Elisha Rawlings ( by order of Magistrate-Judge T M. Putnam ) del USM (YMB) (Entered: 05/30/2003) |
| 05/30/2003 | | Docket Modification (Utility) LC as to both dfts, FCI Pekin, IL (YMB) (Entered: 05/30/2003) |
| 06/19/2003 | 2 | APPEARANCE for dft Elisha Rawlings by Atty Kelvin L Davis filed (Former Employee) (Entered: 06/19/2003) |
| 06/19/2003 | 3 | REQUEST for disclosure by dft Elisha Rawlings filed cm USA (Former Employee) (Entered: 06/19/2003) |
| 06/19/2003 | | COURTROOM NOTES ( before Magistrate-Judge T M. Putnam ): ARRAIGNMENT of dft Elisha Rawlings ; not guilty plea entered; Dft requested ct-apptd counsel and was found eligible for same; Attorney Kelvin Davis was apptd and present w/dft; Dft remanded to the custody of the Marshal CrtRptr Chanetta Sinkfield (RLD) (Entered: 06/21/2003) |
| 06/23/2003 | 4 | RESPONSE and Reciprocal Discv Req by plaintiff USA re [3-1] as to dft Elisha Rawlings filed cs (Former Employee) (Entered: 06/24/2003) |
| 07/01/2003 | 7 | ORDER ( by Magistrate-Judge T M. Putnam ) ; pretrial conference set for 2:00 7/10/03 for Corichey Grayson filed cm (YMB) (Entered: 07/01/2003) |
| 07/15/2003 | | Docket Modification (Utility) ; change of plea hearing (consent) set for 3:00 p.m., 7/31/03 for Elisha Rawlings in Birmingham, AL (DGS) (Entered: 07/15/2003) |
| 07/31/2003 | 9 | PLEA Agreement as to Elisha Rawlings filed (DGS) (Entered: 07/31/2003) |
| 07/31/2003 | | COURTROOM NOTES ( before Chief Judge U W. Clemon): change of plea hearing (consent) held on 7/31/03 , guilty plea entered by Elisha Rawlings continued generally for sentencing - custody of USM - CrtRptr Penny Enoch (DGS) (Entered: 07/31/2003) |
| 10/01/2003 | 10 | NOTICE of hearing sentencing hearing set for 1:30 p.m., 11/4/03 for Elisha Rawlings and Corichey Grayson issued cm (DGS) (Entered: 10/01/2003) |
| 10/06/2003 | 11 | OBJECTIONS (Pro Se) by dft Elisha Rawlings to PSI report filed cs (dft's address: 400 W. 8th St., Anniston, AL 36201) (Former Employee) |

| | | (Entered: 10/08/2003) |
|---|---|---|
| 10/09/2003 | 12 | MOTION for downward departure by USA as to Elisha Rawlings filed cs del to UWC (DWC) (Entered: 10/10/2003) |
| 10/09/2003 | 13 | MOTION for order to grant dft an addl level for acceptance of responsibility by USA as to Elisha Rawlings filed cs del to UWC (DWC) (Entered: 10/10/2003) |
| 11/04/2003 | | COURTROOM NOTES ( before Chief Judge U W. Clemon ): sentencing hearing held on 11/4/03 as to defendant Elisha Rawlings SENTENCE; cbp 63 months to run concurrently with the sentenc imposed in ND Indiana case # 2:01-CR-180-S; srt 36 months with special conditions as dictated into the record by the court; defendant to make restitution to AmSouth Bank in the amount of $80,541.00; Assesment Fee $100.00 - CrtRptr Penny Enoch (DGS) (Entered: 11/04/2003) |
| 11/04/2003 | | COURTROOM NOTES ( before Chief Judge U W. Clemon ): sentencing hearing held on 11/4/03 as to defendant Corichey Grayson SENTENCE; cbp 97 months said sentence to run concurrently with the sentence imposed in ND Indiana case # 01-CR-180-1: srt 36 months with special conditions as dictated into the record by the court; defendant to make restitution to AmSouth Bank in the amount of $80,541.00; Assessment Fee $100.00 - CrtRptr Penny Enoch (DGS) (Entered: 11/04/2003) |
| 11/04/2003 | 15 | 12 - ORDER ( by Chief Judge U W. Clemon ) granting motion for downward departure by USA as to Elisha Rawlings [12-1] cm (YMB) (Entered: 11/05/2003) |
| 11/04/2003 | 16 | 13 - ORDER ( by Chief Judge U W. Clemon ) granting motion to grant dft an addl level for acceptance of responsibility by USA as to Elisha Rawlings [13-1] cm (YMB) (Entered: 11/05/2003) |
| 11/04/2003 | 17 | 14 - ORDER ( by Chief Judge U W. Clemon ) granting motion for order to grant the dft an addl level for acceptance of responsibility by USA as to Corichey Grayson [14-1] cm (YMB) (Entered: 11/05/2003) |
| 11/04/2003 | | SENTENCING ( by Chief Judge U W. Clemon ): sentencing Elisha Rawlings (1) count(s) 1. CBP 63 mos to run concur w/sentence imposed in ND/IN #2:01-CR-180-S; SRT 36 mos; restitution due; asmt fee $100.00; no fine (YMB) (Entered: 11/10/2003) |
| 11/10/2003 | 21 | PRESENTENCE Report on Elisha Rawlings filed under seal cm USPO (YMB) (Entered: 11/10/2003) |
| 11/10/2003 | 22 | SENTENCING RECOMMENDATIONS as to Elisha Rawlings filed under seal cm USPO (YMB) (Entered: 11/10/2003) |
| 11/10/2003 | 23 | JUDGMENT and Commitment as to Elisha Rawlings ( by Chief Judge U W. Clemon ) case terminated, filed cm del USM (YMB) (Entered: 11/10/2003) |
| 05/18/2004 | 25 | TRANSCRIPT of pleas on 7/31/03 as to Elisha Rawlings, Corichey Grayson before UWC; CrtRptr Penny L Enoch; 17 pages filed (KWC) |

| | | (Entered: 05/18/2004) |
|---|---|---|
| 05/18/2004 | 26 | TRANSCRIPT of sentencing on 11/4/03 as to Elisha Rawlings before UWC; CrtRptr Penny L Enoch; 7 pages filed (KWC) (Entered: 05/18/2004) |
| 05/18/2004 | 28 | CERTIFICATE -tape and notes as to Elisha Rawlings and Corichey Grayson of pleas on 7/31/03 and sentencing on 11/4/03 before UWC by CrtRptr Penny L Enoch (KWC) (Entered: 05/18/2004) |
| 05/02/2005 | ⬤29 | MOTION to modify sentence as set out 23 Judgment, by Elisha Rawlings (pro se). (DWC, ) (Entered: 05/06/2005) |
| 05/20/2005 | 30 | (Court only) Arrest Warrant Returned Unexecuted as to Elisha Rawlings; replaced by J&C. (DWC, ) (Entered: 05/24/2005) |
| 03/07/2008 | ⬤31 | Probation Jurisdiction Transferred to ND/IL as to Elisha Rawlings Transmitted Transfer of Jurisdiction form, with certified copies of indictment, plea agreement, judgment, financial report and docket sheet. (DWC, ) (Entered: 03/07/2008) |



TRUE COPY:

By: _D. Cooper_

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

    v.

ELISHA RAWLINGS
   Defendant.

Case Number CR 03-C-0255-NE

**ENTERED**

NOV 1 0 2003

## JUDGMENT IN A CRIMINAL CASE
### (For Offense(s) Committed On or After November 1, 1987)

The defendant, ELISHA RAWLINGS, was represented by Kelvin L. Davis.

The defendant pleaded guilty to count one. Accordingly, the defendant is adjudged guilty of the following count, involving the indicated offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 2113(a)&(d) | Armed bank robbery | 1 |

As pronounced on November 4, 2003, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00 for count one, which shall be due immediately and may be collected in accordance with the Bureau of Prisons Inmate Financial Responsibility Program.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _____ day of _____, 2003.

_____
Chief United States District Judge

Defendant's SSAN:
Defendant's Date of
Defendant's addres:

TRUE COPY:

By: _____

23

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 7

Defendant: ELISHA RAWLINGS
Case Number: CR 03-C-0255-NE

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 63 months, said sentence to run concurrently with the sentence imposed in Northern District of Indiana case number 2 01-CR-180-2.

The defendant is remanded to the custody of the United States Marshal.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to_____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By    _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment—Page 3 of 7

Defendant: ELISHA RAWLINGS
Case Number: CR 03-C-0255-NE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without permission of the Court or probation officer.
3) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).).
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program if and as directed by the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days at the direction of the probation officer (with the defendant to pay the cost of monitoring if the probation officer determines that the defendant has the ability to do so), and/or (c) placed in a residential treatment program or community corrections center for up to 180 days at the direction of the probation officer (with the defendant to pay the cost of subsistence if the probation officer determines that the defendant has the ability to do so).
16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing if the probation officer determines that the defendant has the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) at the direction of the probation officer.
17) The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment, at the direction of the probation officer after a positive urinalysis, or a court order entered during the period of probation or supervision for other good cause shown. This program may include (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse (with the defendant to contribute to the cost of drug testing if the probation officer determines that the defendant has the ability to do so), (b) a mandatory drug education program (which may include individual or group counseling provided by the probation office or an approved vendor with the defendant to contribute to the cost of drug/alcohol treatment if the probation officer determines that the defendant has the ability to do so, (c) placement in a residential treatment program or community corrections center for up to 180 days at the direction of the probation officer (with the defendant to pay the cost of subsistence if the probation officer determines that the defendant has the ability to do so), and (d) home confinement subject to electronic monitoring for a maximum period of ninety (90) days at the direction of the probation officer (with the defendant to pay the cost of monitoring if the probation officer determines that the defendant has the ability to do so).

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 7

Defendant:  ELISHA RAWLINGS
Case Number:  CR 03-C-0255-NE

### CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

18)  The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgement.  This program may include the following: (a) The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court. This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service.  The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that is maintained at a place of employment other than the defendant's home. The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software. (c) The defendant, as directed by the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring. The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring. (d) The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties. (e) The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not. The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request. Furthermore, the defendant shall provide the probation officer with written authorzation for release of information from the defendant's internet telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique. The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

19)  The defendant shall cooperate in the collection of DNA if and as directed by the probation officer.

20)  If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 7

Defendant:  ELISHA RAWLINGS
Case Number:  CR 03-C-0255-NE

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)    The defendant shall not incur any new debts (other than normal debts for utilities and rental expenses, or mortgage payments) or open any new lines of credit without permission of the probation officer unless the defendant is in compliance with the payment of any monetary obligations ordered.

2)    The defendant shall participate, if and as directed by the probation officer, in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) conducted by the probation office (or a comparable program conducted in the district of supervision). (See the Standard Conditions for a brief description of possible terms of such participation.)

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 7

Defendant:  ELISHA RAWLINGS
Case Number:  CR 03-C-0255-NE

### RESTITUTION AND FORFEITURE

#### RESTITUTION

The court, pursuant to the Victim and Witness Restitution Act, finds that the following is/are victim(s) of defendant's criminal conduct and has/have sustained loss in the indicated amounts and orders restitution by the defendant as follows:

| Name & address of payee(s) | Amount |
|---|---|
| AmSouth Bank; Re: 01-787, Elisha Rawlings; P. O. Box 10105; Birmingham, AL 35203 | $80,541.00 |

Payments of restitution  are to be made to Clerk, U. S. District Court, for transfer to the  payee(s).

During the period incarceration, the defendant is to make payments of a minimum of $25.00 per quarter in accordance with the Bureau of Prisons Inmate Financial Responsibility Program. Upon release from imprisonment, any remaining balance shall be paid in equal monthly installments during the specified term of supervised release. Restitution shall be paid jointly and severally with the co-defendants in this case and with the defendants in case CR 02-PT-0603-NE, Northern District of Alabama.

If there are multiple payees, any payment not made directly to a payee shall be divided proportionately among the payees named unless otherwise specified here:

Page ___7__ of _7__

DFT *Elisha Rawlings*

CR -03-C-255-NE

## STATEMENT OF REASONS

## NOT FOR PUBLIC DISCLOSURE

## YOU WILL RECEIVE A COPY BY MAIL

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

### NORTHEASTERN DIVISION

|                          |     |                     |
|--------------------------|-----|---------------------|
| UNITED STATES OF AMERICA | )   |                     |
|                          | )   |                     |
| v.                       | )   | CR -03-C-0255-NE    |
|                          | )   |                     |
| ELISHA RAWLINGS          | )   |                     |

FILED

JUL 31 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF

## PLEA AGREEMENT AND CONDITIONS

The United States of America, the defendant and defendant's attorney each hereby acknowledges the following to be the plea agreement between the defendant and the United States and the conditions and understandings that apply to the agreement:

I.    <u>PLEA AGREEMENT</u>:  The United States and the defendant hereby AGREE to the following:

(a)    <u>Plea</u>:  The defendant will plead guilty to Count One of the Indictment.

(b)    <u>Understanding</u>: Pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., and upon the Court's acceptance of the aforesaid plea and entry of judgment on the same, the United States will do the following:

(1)    The government recommends that the defendant be given a three-level reduction for acceptance of responsibility and be sentenced at the low end of the guideline range.   Premised on the defendant's cooperation as outlined herein, the United States may file a motion for departure for substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and inform the court of cooperation. The determination of whether to file this motion is the sole discretion of the United States Attorney for the Northern District of Alabama or designated Assistant United States Attorney. The government further reserves the full right of allocution.

(c) <u>Factual Basis</u>:

At approximately 11:30 a.m., May 16, 2001, Devon Modacure, Daniel Barlow, Elisha Rawlings and Corichey Grayson entered AmSouth Bank at 41 Hughes Road, Madison, Alabama. Devon Modacure and one of the other black males was armed with a handgun. Devon Modacure was dressed like a woman and the other individuals had on hoods and masks. The bank was occupied by five bank employees and one customer who came in as the bank was being robbed. As

9

the robbers came into the bank, one of them jumped the counter and began taking cash from the drive thru teller window. Devon Modacure went to the teller window for the teller working the bank lobby. Another robber held the other bank employees at gunpoint while they were told to lay face down on the floor. The fourth robber watched the front door for anyone coming into the bank. Two bank employees were in the break room having lunch. After noticing the bank being robbed on the video monitors, they locked themselves in an employees bathroom in the back of the bank.

After the robber who had jumped the teller counter had obtained all the cash in the teller cash drawers, which included a dye pack, he went to the room next to the teller windows where the vault was located. The vault was open due to a problem with the time delay device on the vault. The robber took cash from the vault and left by going back to the teller area and jumping back over the teller counter. As the robbers were leaving the bank, a customer was coming into the bank. The robbers forced the customer to the floor and told him not to leave.

The robbers entered a gray 1986 Buick Electra and left the bank parking lot. A witness observed red smoke coming from the car approximately one fourth of a mile from the bank making a left turn at the stoplight. The robbers threw a bag out of the car and continued west from Hughes Road. The witness saw money blowing out of the bag. A short time later a police car arrived.

The 1986 Buick was found less than two minutes later approximately two miles from Hughes Road and the AmSouth Bank. The engine was still running. A witness saw the robbers get out of the 1986 Buick and get into a second car, possibly with Illinois license plates. This "switch car" was driven by William Barlow. Inspection of the 1986 Buick determined that the drivers side lock had been punched out and the car had been wired to start. It had not been reported stolen but a contact of the registered owner determined that the car had been stolen earlier in the day without the owner's knowledge.

An audit done at AmSouth Bank after the robbery determined that $103,635.35 was missing from the cash balance. However, $21,699.00 was recovered shortly after the robbery after the robbers had discarded a bag of money which contained an exploded dye pack. Thus, the net loss to the bank from the robbery is $81,966.35.

William Barlow and Daniel Barlow have confessed to this bank robbery and other robberies. They have pled guilty and have been sentenced. They are cooperating with the government. Devon Modacure has also confessed and pled guilty. He is also cooperating with the government. Elisha Rawlings and Corichey Grayson refused to give a statement.

(d) Restitution: The parties agree that the Court must consider ordering restitution at sentencing. It is the position of the United States that AmSouth Bank N.A. is the victim of the defendant's conduct and that approximately $80,541.00 is owed in restitution to the victim.

(e) Special Assessment Fee: The defendant will bring to the sentencing a money order or cashier's check in an amount equal to $100 for each count, for a total of $100, payable to the "Clerk, United States District Court" by virtue of the special assessment requirement of Title 18, United

States Code, Section 3013. Immediately upon sentencing the defendant will pay the assessment to the Clerk of the Court.

II. <u>CONDITIONS AND UNDERSTANDINGS</u>: The following conditions and understandings apply to the above stated plea agreement:

### POSSIBLE SENTENCES AND THE GUIDELINES

(1) <u>Maximum Possible Sentences</u>: The defendant is aware of the maximum possible punishments under the Indictment. The defendant is aware that a sentence could include imprisonment, supervised release terms following imprisonment, fines, assessments, and other costs and losses.

(2) <u>Special Assessment Fees</u>: The law requires that Special Assessment fees be imposed. The assessment fee on Count(s) of the Indictment is $100.00. The defendant agrees the special assessment fee will be paid in full to the Clerk of the District Court **at the time of sentencing.**

(3) <u>Restitution</u>: The court must consider ordering restitution. 18 U.S.C. § 3556. In each order of restitution the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A). Under the Mandatory Restitution to Victims Act (MRVA) restitution is mandatory and requires the court to order full restitution for any offense that is a crime of violence, or where the victim has suffered a physical injury or pecuniary loss, or for other specified crimes defined by statute, 18 U.S.C. § 3663A. For limited offenses which are statutorily excepted from the MRVA, the amount of restitution to be paid by the defendant is discretionary with the court. Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. 18 U.S.C. § 3664(e). It is understood that the United States,

3

any victim, and the defendant have a right to allocution concerning restitution, including the amount and the method and manner of payment.

(4) Guidelines: Congress has created Sentencing Guidelines which set a sentencing range in this case. These Guidelines take into consideration, among other things, the nature and consequences of the offense, the defendant's role in the offense, other conduct of the defendant and/or coconspirators relevant to the offense, whether the defendant has accepted responsibility, whether the defendant has obstructed justice, and the defendant's criminal record. The Guidelines may require or suggest a variety of punitive measures other than or in addition to simple incarceration.

The defendant and the defendant's attorney are aware of the Sentencing Guidelines and have studied their application to this case. The defendant is aware that the Guidelines can be complicated. The defendant is further aware that the Court ultimately calculates the Guidelines range applicable to this case and is not bound by the defendant's or the United States Attorney's calculations.

The Court may even decide that the recommended sentence is not within the Guidelines range and may not follow the recommendation for that reason. Also, the Court may, for just cause, impose a sentence above or below the guidelines range, even the maximum possible sentences under the law. The court may, in its discretion, refuse to grant any motion by the government for downward departure based on upon substantial assistance furnished by the defendant.

(5) Non-binding: It is the Court's duty to impose sentence. The Court is not a party to the above plea agreement. Any sentence recommendation by the United States does not bind the Court, and the Court may impose a more severe or less severe sentence than that recommended.

4

(6) <u>Sentencing Information</u>: The United States may make any facts or evidence it deems relevant to sentencing known to the Court. The United States reserves full rights of allocution.

(7) <u>Supervised Release</u>: The defendant is aware that the Court must impose a term of supervised release to commence following the completion of any custodial portion of the defendant's sentence. The defendant understands that violation of the terms of the conditions for supervised release could result in the imposition of additional imprisonment and custodial time to be served.

## WITHDRAWAL OF GUILTY PLEA NOT ALLOWED

If the Court decides not to give the recommended sentence, or decides that the recommended sentence is not within the guidelines range, the defendant may not withdraw the plea of guilty.

## FAMILIARITY WITH CHARGES

The defendant is aware of the charges, and has discussed the charges and possible defenses with counsel. The defendant is fully aware of the elements of each count.

## ACKNOWLEDGMENT OF GUILT

The defendant is pleading guilty to the charges described above because the defendant is in fact guilty and for no other reason.

## COOPERATION - IN GENERAL

The defendant will cooperate fully with the United States and with any federal, state or local law enforcement agency designated by the United States Attorney. As used in this Agreement, "cooperation" requires the defendant to participate in the following manner related to the

investigation of controlled substances and any individuals involved in this investigation about whom the defendant has information which may be of interest to the United States:

    (a)    to attend all meetings, grand jury sessions, trials and other proceedings as requested or as compelled by subpoena or court order;

    (b)    to respond truthfully and completely to any and all questions or inquiries, whether in interviews, before a grand jury or at any trials or other court proceedings;

    (c)    to produce documents, records or other tangible evidence as requested; and,

    (d)    to submit to polygraph examinations if requested.

The United States is not required to accept any cooperation or assistance that the defendant chooses to proffer.

It is repeated that the defendant must at all times give complete, truthful and accurate information and testimony while cooperating with the United States.

If the defendant commits any crimes or if any of the defendant's statements or testimony prove to be false, misleading or materially incomplete, or if the defendant otherwise violates this Agreement in any way, the United States will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution or sentencing recommendation, as set forth above. The defendant shall, thereafter, be subject to prosecution for any federal criminal violation of which the United States has knowledge, including but not limited to perjury, false statements and obstruction of justice.

Should the defendant during debriefing or testimony pursuant to this plea agreement with the United States implicate himself in other criminal activity which occurred prior to entry into this

6

agreement, this will not be used directly or indirectly to initiate or pursue additional charges. This does not include any violent criminal activity, should the defendant have participated in such.

The defendant must not commit any crimes or participate in any criminal activity whatever while cooperating with the United States without the specific authority and direction of law enforcement officials and the United States Attorney.

<u>WAIVERS</u>

By pleading guilty the defendant waives and agrees to waive any and all motions, defenses, objections, or requests which have been made or which could have been made in this case. The defendant also waives the right to trial by a jury (or by a judge if the defendant elected to be tried by a judge alone). At any such trial the defendant would have the right to assistance of counsel, to confront and cross-examine the witnesses against the defendant, to present evidence on the defendant's behalf, to compel the attendance of witnesses for the defense, and to testify or refuse to testify. The United States would have the burden of proving the case against the defendant beyond a reasonable doubt. The defendant would be presumed innocent and could only be convicted if a jury of twelve people (or a judge if the defendant elects to be tried by a

judge) unanimously found the defendant to be guilty beyond a reasonable doubt. The defendant would have the right to appeal a guilty verdict. All these rights and protections are hereby waived. The defendant further waives right to appeal the conviction(s) and sentence as set out subsequently in this agreement.

### WAIVER OF RIGHT TO APPEAL

Defendant's right to an appeal and his right to file a motion pursuant to 28 U.S.C. § 2255 have been explained to him and he understands those rights. As a part of this plea agreement, defendant knowingly, intelligently, and voluntarily waives his right to appeal his conviction(s) and sentence and to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255.

_Elisha Rawlings_
Defendant's Signature

### COUNSEL

The defendant has discussed this case at length with defendant's counsel. The defendant is satisfied with counsel's investigation of the case, exploration of possible defenses, advice and other representation.

### NON-RELIANCE

Other than what is contained in this document, NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO THE DEFENDANT BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED, TO INDUCE THE DEFENDANT TO PLEAD GUILTY. The defendant is not relying on any representations from anyone regarding possible parole or release dates. This document represents the sole agreement and understanding between the defendant and the United States.

### OTHER DISTRICTS AND JURISDICTIONS

This document **DOES NOT BIND** any other United States Attorney in any other district, nor does it bind state or local authorities.

8

### TAX PROCEEDINGS

Unless otherwise specified herein, this document in no way applies to or limits any pending

or prospective proceedings, related to the defendant's **tax liabilities**, if any.

### COMPETENCE

The defendant has not had any drugs, medication or alcohol within the past 48 hours except

as stated hereafter, and is competent to enter the plea agreement stated above.

### ACKNOWLEDGMENTS

1.    I have READ this document, DISCUSSED it with my attorney, and UNDERSTAND and
AGREE with all its provisions both individually and totally.

7/31/03
_____                    _____
DATE                                        ELISHA RAWLINGS


2.    I have discussed this case with the defendant in detail and have advised the defendant of the
defendant's rights and all possible defenses.  The defendant has conveyed to me that the
defendant understands this document and consents to all its terms.  I believe the plea and
disposition set forth herein are appropriate under the facts of this case.  I concur in the entry
of the plea as indicated above and on the terms and conditions set forth herein.

7/31/03
_____                    _____
DATE                                        KELVIN DAVIS


3.    I have reviewed this document and agree to its provisions.

ALICE H. MARTIN
United States Attorney

July 31, 2003
_____                    _____
DATE                                        MARY STUART BURRELL
                                            Assistant United States Attorney

9

TRUE COPY:

By: D. Cooper

GJ#19

AHM/MSB/JUNE 2003

IN THE UNITED STATES DISTRICT COURT

03 MAY 29 AM 11: 12

FOR THE NORTHERN DISTRICT OF ALABAMA

N.D. OF ALABAMA

NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR-03-C-0255-NE |
| | ) |
| ELISHA RAWLINGS and | ) |
| CORICHEY GRAYSON | ) |

## INDICTMENT

COUNT ONE: [18 U.S.C. §§ 2113(a) and (d)]

The Grand Jury charges that:

On or about the 16th day of May, 2001, in Madison County, within the Northern District of Alabama, the defendants,

ELISHA RAWLINGS and
CORICHEY GRAYSON,

did knowingly, intentionally, and unlawfully, by force, violence and intimidation take from the person and presence of another, money, that is, approximately $100,000.00 in United States currency, belonging to and in the care, custody, control, management and possession of the AmSouth Bank N.A., the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, the defendant did assault and put in jeopardy the life of another person, by the use of a dangerous weapon, that is, a firearm, in violation of Title 18, United States Code, Sections 2113(a) and (d).

A TRUE BILL

ALICE H. MARTIN
United States Attorney

*Mary Stuart Burrell*

MARY STUART BURRELL
Assistant United States Attorney

TRUE COPY:

By: *D. Cooper*